**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Dwayne Orr,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-21-00549-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Robert Dwayne Orr's appeal of his denial of social security disability benefits. The appeal is fully briefed, (Docs. 22, 23, 24), and the Court now rules.

**I.   BACKGROUND**

The issue presented in this appeal is whether substantial evidence supports the Administrative Law Judge's (ALJ) weight assignments for medical opinion evidence.

**A. Factual Overview**

Plaintiff was born in 1961 and has a GED. (AR 171, 37). He last worked as a dishwasher at Denny's. Plaintiff filed an application for social security benefits on October 4, 2017, alleging disability beginning July 2, 2016. (AR 18).

His claim was initially denied in April 2018 and then on reconsideration later that year. (AR 18). On February 24, 2020, an ALJ issued an unfavorable decision, finding that Plaintiff was not under a disability within the meaning of the Social Security Act. (AR 15–29).

**B. The SSA's Five-Step Evaluation Process**

To qualify for social security benefits, a claimant must show he "is under a disability." 42 U.S.C. § 423(a)(1)(E). A claimant is disabled if he suffers from a medically determinable physical or mental impairment that prevents him from engaging "in any substantial gainful activity." *Id.* § 423(d)(1)–(2). The SSA has created a five-step process for an ALJ to determine whether the claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(1). Each step is potentially dispositive. *See id.* § 404.1520(a)(4).

At the first step, the ALJ determines whether the claimant is "doing substantial gainful activity." *Id.* § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* Substantial gainful activity is work activity that is both "substantial," involving "significant physical or mental activities," and "gainful," done "for pay or profit." *Id.* § 404.1572(a)–(b).

At the second step, the ALJ considers the medical severity of the claimant's impairments. *Id.* § 404.1520(a)(4)(ii). If the claimant does not have "a severe medically determinable physical or mental impairment," the claimant is not disabled. *Id.* A "severe impairment" is one which "significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* § 404.1520(c). Basic work activities are "the abilities and aptitudes necessary to do most jobs." *Id.* § 404.1522(b).

At the third step, the ALJ determines whether the claimant's impairment or combination of impairments "meets or equals" an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, before proceeding to step four, the ALJ must assess the claimant's "residual functional capacity" (RFC). *Id.* § 404.1520(a)(4). The RFC represents the most a claimant "can still do despite [his] limitations." *Id.* § 404.1545(a)(1). In assessing the claimant's RFC, the ALJ will consider the claimant's "impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what [the claimant] can do in a work setting." *Id.*

At the fourth step, the ALJ uses the RFC to determine whether the claimant can still perform his "past relevant work." *Id.* § 404.1520(a)(4)(iv). The ALJ compares the

claimant's RFC with the physical and mental demands of the claimant's past relevant work. *Id.* § 404.1520(f). If the claimant can still perform his past relevant work, the ALJ will find that the claimant is not disabled. *Id.* § 404.1520(a)(4)(iv).

At the fifth and final step, the ALJ determines whether—considering the claimant's RFC, age, education, and work experience—he "can make an adjustment to other work." *Id.* § 404.1520(a)(4)(v). If the ALJ finds that the claimant can make an adjustment to other work, then the claimant is not disabled. *Id.* If the ALJ finds that the claimant cannot make an adjustment to other work, then the claimant is disabled. *Id.*

### C. The ALJ's Application of the Factors

At the first step, the ALJ concluded that Plaintiff did not engage in substantial gainful activity since the application date. (AR 20). At the second step, the ALJ determined that Plaintiff had a severe medical impairment of schizophrenia. (AR 20).

At the third step, the ALJ determined that Plaintiff's impairments did not meet the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 22). After evaluating Plaintiff's RFC, the ALJ concluded that Plaintiff could perform work at all levels of exertion but could perform only simply, repetitive, and routine tasks. (AR 24–28). At the fourth step, the ALJ found that Plaintiff had no past relevant work. (AR 28). At the fifth step, the ALJ found that Plaintiff could perform other work. (AR 28). On that basis, the ALJ found that Plaintiff was not disabled under the Act.

## II.   LEGAL STANDARD

This Court may not overturn the ALJ's denial of disability benefits absent legal error or a lack of substantial evidence. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). "Substantial evidence means . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). On review, the Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the [ALJ's] conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (quoting

*Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014)). The ALJ, not this Court, draws inferences, resolves conflicts in medical testimony, and determines credibility. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984). Thus, the Court must affirm even when "the evidence admits of more than one rational interpretation." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The Court "review[s] only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010.

## III. DISCUSSION

Plaintiff raises one potential error in the ALJ's analysis: the ALJ's RFC determination is unsupported by substantial evidence because he failed to properly evaluate the opinions of PNP Gwon and PA-C Meyers. (Doc. 22 at 1).

Plaintiff filed his application on October 4, 2017. For disability benefits claims filed after March 27, 2017, including the application in the present case, new SSA regulations instruct an ALJ not to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c. Instead, an ALJ should determine the persuasiveness of each medical opinion using the following factors: 1) supportability, 2) consistency, 3) relationship with the claimant, 4) specialization, and 5) any other relevant factors. *Id.* The SSA has explained that supportability and consistency are the most important factors in evaluating an opinion's persuasiveness, and the ALJ must articulate how he considered both factors. *Id.*; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5853 (Jan. 18, 2017) (codified at 20 C.F.R. § 404).

### A. Opinion of PNP Gwon

Plaintiff first argues that the ALJ failed to properly analyze the opinion of PNP Gwon. (Doc. 22 at 15). PNP Gwon opined that Plaintiff had moderate to extreme limitations in multiple areas of mental functioning. (AR 369–71). PNP Gwon also found that Plaintiff was heavily medicated and unable to comprehend simple instructions and

understand money management. (AR 369–71). The ALJ addressed PNP Gwon's opinion as follows:

> The undersigned finds the January 2019 opinion of psychiatric nurse practitioner Sein Gwon, NP, to be neither persuasive nor supported by the record (Exhibit 5F). The claimant was assessed with bipolar schizophrenia (Exhibit 5F/1). It was opined that the claimant has largely marked-to-extreme mental limitations; and is unable to comprehend simple instructions or understand money management (Exhibit 5F/1-3). Having considered the clinician's relationship to the claimant and specialization, this opinion is not consistent with or supported by the record, because it is vague, overstates the claimant's mental limitations while failing to provide adequate justification from the record, and ultimately fails to provide a specific, function-by-function analysis of those limitations. This checklist-style form appears to have been completed as an accommodation to the claimant and includes only bare-boned conclusions on his level of functioning without any substantive accompanying rationale. Additionally, this opinion predates part of the relevant period, thereby preventing it from being an accurate opinion regarding the claimant's overall limitations. Thus, this opinion was found to be unpersuasive and unsupported by the medical evidence of record.

(AR 26–27).

The Court finds that the ALJ provided sufficiently specific and legitimate reasons for discounting the opinion of PNP Gwon, and Plaintiff's arguments to the contrary are unpersuasive. Plaintiff argues that the ALJ erred in determining that PNP Gwon's opinion was "vague" because PNP Gwon complied with SSA mental health disability criteria. (Doc. 22 at 15–16.

The ALJ did not err in determining that PNP Gwon's opinion was "vague." Although an ALJ may not discount an opinion simply because it was provided on a check-the-box form, *see Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017), an ALJ "may take into account the quality of the explanation when determining how much weight to give a medical opinion," *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020), and "may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Id.*

Here, PNP Gwon checked the box and wrote the phrase "Heavily medicated" as the

- 5 -

justification for each limitation (AR 369–71). Beyond that, PNP Gwon did not provide any additional detail or explanation for her opinion. The ALJ had access to PNP Gwon's examination and other treatment records and nonetheless found the opinion to be too vague and conclusory to be entitled to any weight. As this Court cannot substitute its judgment for that of the ALJ, the Court will not overturn the ALJ's finding that the opinion was vague and conclusory. *Gallant*, 753 F.2d at 1453; *Batson v. Comm'r of the SSA*, 359 F.3d 1190, 1198 (9th Cir. 2004).

And contrary to Plaintiff's argument, the ALJ did not discount PNP Gwon's opinion for "only one reason," (Doc. 24 at 3), and gave specific and legitimate reasons to reject her opinion that were not based on the type of form used. The ALJ noted that PNP Gwon's opinion predated part of the relevant period and explained that Plaintiff's treatment records indicated improvement in Plaintiff's symptoms since she evaluated him. (AR 26). Further, the ALJ identified specific areas in the record which contradicted PNP Gwon's conclusion.

Finally, Plaintiff's argues that PNP Gwon's opinion is consistent with PA-C Meyers's opinion. But this too is unavailing. For the reasons below, PA-C Meyers's opinion was found to be neither persuasive nor supported by the record.

### B. Opinion of PA-C Meyers

Plaintiff also argues that the ALJ failed to properly analyze the opinion of PA-C Meyers. (Doc. 22 at 20). Plaintiff claims that PA-C Meyers's opinion is consistent with the opinions of other doctors. (Doc. 22 at 22). Plaintiff also claims that the ALJ erred in focusing on some of the improvement of Plaintiff's mental symptoms when the record reflected that the Plaintiff continued to experience mental impairments. (Doc. 22 at 22–23).

The ALJ found PA-C Meyers's opinion unpersuasive, reasoning as follows:

> The undersigned finds the January 2020 opinion of physician's assistant Joan Meyers, PA-C, to be neither persuasive nor supported by the record (Exhibit 8F). Ms. Meyers assessed the claimant with schizophrenia and opined that he has moderate-to-extreme mental limitations; is unable to respond to social cues due to his decreased level of functioning; and not be able to manage benefits in his own

>interest, but has a caregiver living with him, who would assist with this (Exhibit 8F/3-5). Similarly, after also considering Ms. Meyers' relationship to the claimant and specialization, this opinion is not consistent with or supported by the record, because it also includes bare-boned conclusions without any accompanying rationale and overstates the claimant's overall mental limitations, especially as the record indicates that he showed improvement in his symptoms with his medication treatment (see viz., Exhibits 3F/4, 6F/68, 159, and 7F/31). Thus, this opinion was found to be unpersuasive and unsupported by the medical evidence of record.

(AR 27).

Here, the ALJ provided sufficiently specific and legitimate reasons for discounting the opinion of PA-C Meyers. As mentioned above, an ALJ may not discount an opinion simply because it was provided on a check-box form. *See Trevizo v. Berryhill*, 871 F.3d 664 677, n.4 (9th Cir. 2017) ("[T]here is no authority that a 'check-the-box' form is any less reliable than any other type of form; indeed, agency physicians routinely use these types of forms to assess the intensity, persistence, or limiting effects of impairments."). But the ALJ did not do that here. Rather, the ALJ rejected PA-C Meyers's opinion because the conclusion was "bare-boned" without "any accompanying rationale." This is a proper reason in determining how much weight to give a medical opinion. *Ford*, 950 F.3d at 1155; *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("[A]n ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings.").

Although PA-C Meyers treated Plaintiff several times in 2019, the ALJ referred to her and other medical provider treatment notes which indicated Plaintiff's improvement in symptoms with medication. (AR 27, citing AR 439–42, 362, 530, 577). Additionally, other notes from PA-C Meyers showed largely normal mental status and good response to treatment. (AR 450–52, 432–34, 406–09, 388–90). The ALJ reasonably relied on this evidence showing good control of symptoms and discounted PA-C Meyers's opinion accordingly. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1995) (holding that the ALJ permissibly rejected evaluations "because they were check-off reports that did not contain

any explanation of the bases of their conclusions"). The ALJ's interpretation of the evidence is entitled to deference because it is a reasonable interpretation. *See Batson*, 359 F.3d at 1198.

## IV.   REMEDY

Plaintiff asks the Court to remand this matter for further proceedings. The Court declines to do so because the Court is affirming the ALJ's decision.

## V.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the ALJ decision is **AFFIRMED**. The Clerk of Court shall enter judgment accordingly.

Dated this 18th day of April, 2022.

James A. Teilborg
Senior United States District Judge